# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas C. Seletyn,**
**Petitioner Below, Petitioner**

**vs.)  No. 17-0319** (Fayette County 14-D-99)

**Teresa Rutherford-Bonifacio,**
**Respondent Below, Respondent**

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Thomas C. Seletyn, by his counsel, Kyle G. Lusk, Matthew A. Bradford, and Brandon L. Gray, appeals the March 7, 2017, order of the Circuit Court of Fayette County affirming a January 13, 2017, order of the Family Court of Fayette County. In its order, the family court suspended petitioner's spousal support obligation, but declined to order that the marital residence be sold and the proceeds divided. Respondent Teresa Rutherford-Bonifacio, by her counsel Christopher D. Lefler, filed a response in support of the circuit court's order. On appeal, petitioner argues that the family court erred when it refused to modify the final divorce decree pursuant to West Virginia Code § 48-5-706, thereby causing an inequitable or unjust result.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]In his brief on appeal, petitioner also argues that the family court erred in failing to recognize that the final divorce decree did not incorporate the parties' agreement into its May 7, 2014, order. He further argues that it erred in failing to make additional inquiries and findings on the record that the parties' oral agreement, which was dictated on the record, was understood by them, that they voluntarily agreed without coercion, and that the terms were fair and equitable. To the extent that petitioner argues that the final divorce decree set forth in the May 7, 2014, order was somehow deficient and seeks to challenge the order on appeal, we find that his opportunity to do so has passed. Rule 28 of the Rules of Practice and Procedure for Family Court sets forth that a party "may file a petition for appeal to the circuit court no later than thirty days after the family court final order was entered in the circuit clerk's office." As petitioner abided by the order for over two years before challenging the sufficiency of its contents, he waived any right to appeal and we decline to address any alleged errors concerning that order.

1

In 2014, petitioner filed for divorce in the Family Court of Fayette County after nearly thirty-eight years of marriage. Both parties proceeded pro se. The family court held a hearing on May 7, 2014, wherein the parties announced that they had reached an agreement on all issues relevant to their divorce. The family court memorialized the parties' oral agreement in the final divorce decree, which indicated that the parties separated their personal effects and had no marital estate that they cared to distribute. The parties agreed that petitioner would pay respondent "$1,000.00 per month as alimony beginning May 1, 2014, and which shall continue until the [r]espondent enters into a de facto marriage, remarries or dies." Further, the final divorce decree set forth that the parties agree that, even if respondent entered into a de facto marriage or remarried, petitioner agreed to pay her $400.00 per month "towards the mortgage payment, taxes, home owner's insurance and maintenance" as long as she continued to reside in the marital residence. If respondent ceased to reside in the marital residence, petitioner could move into the home or the parties could agree to sell the property and divide the net proceeds.

In accordance with the final divorce decree, petitioner made payments of $1,000.00 per month to respondent until August of 2014, when respondent remarried. Petitioner's payments were then reduced to $400.00 per month, as set forth in the final divorce decree.

In August of 2016, petitioner filed a petition for modification, alleging that there had been a significant change in circumstances as the marital residence had been paid for, both parties remarried, and petitioner was unemployed and experiencing health issues. As such, petitioner requested that the monthly $400.00 payments be terminated and that the marital residence be sold and the proceeds divided. A hearing on the matter was held in October of 2016. Petitioner proceeded pro se and respondent appeared with her counsel. The family court found that the $400.00 monthly payments constituted spousal support and as such, could be modified pursuant to West Virginia Code § 51-2A-2(9). However, the family court determined that petitioner sought modification of equitable distribution regarding the marital residence and found that it did not have the authority to modify the same unless, pursuant to West Virginia Code § 48-5-706, a modification was necessary to avoid an inequitable or unjust result. The family court found that West Virginia Code § 48-5-706 was not applicable as the facts of the case did not demonstrate an inequitable or unjust result. The family court held any further rulings in abeyance pending a final hearing to allow petitioner to produce further evidence relevant to his motion to modify spousal support.

The family court held a hearing in January of 2017 at which both parties were represented by counsel. The family court reiterated its finding that respondent had no intentions of vacating the marital residence and there was insufficient evidence to conclude that modification of equitable distribution was necessary to avoid an unjust result. Regarding petitioner's monthly payments to respondent, the family court found that sufficient evidence existed to modify spousal support and suspended petitioner's obligation.

In February of 2017, petitioner appealed the decision to the circuit court, which affirmed the family court's order without holding a hearing on the matter. It is from the March 7, 2017, order that petitioner appeals.

2

We review the matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Regarding the family court's factual findings that underlie its equitable distribution order, this Court will not set aside findings of fact, whether based on oral or documentary evidence, unless they are clearly erroneous. *Mulugeta v. Misailidis*, 239 W.Va. 404, --, 801 S.E.2d 282, 286 (2017). Generally, if there is competent evidence to support factual findings, this Court will not reverse those findings as clearly erroneous. Syl. Pt. 3, *Estate of Bossio v. Bossio*, 237 W.Va. 130, 785 S.E.2d 836 (2016) ("'A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.' Syl. Pt. 1, in part, *In re Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996)."). It is within the sole province of the family court, as fact-finder, to decide issues of credibility, and this Court will not disturb those determinations. *Mulugeta* at --, 801 S.E.2d at 286-87.

On appeal, petitioner contends that the family court erred in refusing to modify the May 7, 2014, order to distribute the marital property. According to petitioner, the order setting forth the final divorce decree failed to distribute the marital residence. As support for his argument, petitioner argues that paragraph ten of the final divorce decree states that "[t]he parties have no marital estate that they care to distribute." Paragraph twelve sets forth as follows:

> The parties' agree that even if the [r]espondent enters into a de facto marriage or remarries as long as she continues to reside in the marital residence the [p]etitioner agrees to pay her $400.00 per month towards the mortgage payment, taxes, home owner's insurance and maintenance on said home. If the [r]espondent ceases to reside in said marital home, then the [p]etitioner has the option to move into said home or the parties' agree to sell it and to equally divide the net proceeds.

The family court then ordered the equitable distribution "of the marital estate as set forth above" and ordered petitioner to pay respondent $1,000.00 per month as alimony until she entered into a de facto marriage, remarried, or died. According to petitioner, because paragraph ten indicated that the parties had no marital estate to distribute and because the conclusions of law section in the final divorce decree did not specifically order that respondent be granted possession or use of the marital residence, it was erroneous to find during the modification proceedings that respondent was granted use and possession of the former marital residence. Based on these assertions, petitioner argues that the family court erred in determining that the

3

marital residence had been equitably distributed and in finding that the facts of the case did not warrant modification to avoid an inequitable or unjust result.

We do not agree. Again, to the extent that petitioner argues that the May 7, 2014, order was deficient, we find that he is barred from raising that issue on appeal because of his failure to timely appeal that order. Further, we find that neither the circuit court nor the family court erred in determining that petitioner failed to demonstrate that modification of the equitable distribution was necessary. Pursuant to West Virginia Code § 48-5-706,

> [i]n modifying a final divorce order, the court may, when other means are not conveniently available, alter any prior order of the court with respect to the distribution of marital property, if: . . . [t]he alteration of the prior order as it relates the distribution of marital property is necessary to avoid an inequitable or unjust result which would be caused by the manner in which the modification will affect the prior distribution of marital property.

Here, during the modification proceedings, the family court found that the marital residence had been previously categorized as equitable distribution during the 2014 divorce proceedings. It further found that there was insufficient evidence to conclude that a modification of the equitable distribution was necessary to avoid an unjust result. The circuit court affirmed the family court's order, finding that there was no clear error or abuse of discretion. We decline to disturb the family court's factual findings regarding the insufficient evidence provided below or its conclusion that modification of equitable distribution was not warranted. Petitioner's argument largely revolves around the deficiency of the final divorce decree, yet he operated by its terms and conditions for over two years without issue and failed to file a timely appeal of the same. Further, petitioner provides no evidence on appeal other than the orders entered by the courts below. As such, we find that petitioner is entitled to no relief in this regard.

For the foregoing reasons, we affirm the circuit court's March 7, 2017, order refusing petitioner's appeal from the family court's January 13, 2017, order that suspended petitioner's spousal support obligation and declined to order the sale of the marital residence.

Affirmed.

**ISSUED**:  April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker